■    TRIANGLE STEEL, INC., Respondent, v SARKISIAN BROTHERS, INC., Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered April 13, 1978 in Tompkins County, upon an order granting summary judgment to the plaintiff, which awarded plaintiff $31,690.36 plus interest at 1% per month from March 3, 1975 for a total award of $43,247.09. Defendant Sarkisian Brothers, Inc., contracted in 1973 to build a three-story parking garage for the City of Oneonta. In furtherance of that agreement, defendant contracted with plaintiff Triangle Steel, Inc., for the purchase of structural steel. Because of inflationary factors that caused steel prices to continually rise, plaintiff and defendant sought to protect themselves against price increases prior to delivery by agreeing to split the costs of such increases if the City of Oneonta refused to accept additional charges

due to price rises between order date and delivery date. On June 27, 1974 plaintiff wrote defendant requesting that additional charges amounting to $63,380.73 be assessed against the City of Oneonta by defendant. This sum was documented by attachments to plaintiff's letter. On October 1, 1974 defendant acknowledged receipt of the proposed changes, agreed that the figures were correct and indicated that it would submit a claim in that amount to the City of Oneonta. On February 24, 1975 defendant submitted a written change order to plaintiff adding $31,690.39 to the contract price between the parties, said sum being 50% of the increased costs documented in plaintiff's letter of June 27, 1974. For reasons not germane here, defendant sued the City of Oneonta on its contract for construction of the garage. On October 25, 1975 defendant and the City of Oneonta settled their dispute, with the city paying defendant the sum of $67,774.39. Plaintiff then brought an action against defendant seeking, in the first cause of action, $31,690.36 with interest from March 3, 1975 and an additional $28,690.36 with interest in the second cause of action for alleged interference by defendant with plaintiff's attempts to collect some portion of the steel price increase directly from the City of Oneonta. Upon motion, Special Term granted partial summary judgment on the first cause of action in the sum of $31,690.36 with interest at the rate of 1% a month from March 3, 1975. This appeal ensued. Defendant's affirmative proof in opposition to plaintiff's motion for summary judgment fails to clearly demonstrate any triable issue of fact (*Indig v Finkelstein*, 23 NY2d 728). Defendant's concession on October 1, 1974 that plaintiff's documented price increases were fair and accurate, together with the change order of February 24, 1975 incorporating the increased costs, leaves no ground for dispute. Both parties had agreed to divide evenly increased steel prices and the record clearly reveals agreement as to the amount of the increase. Special Term, however, erred in fixing the date from which the monthly interest rate of 1% should run. The agreement to share price increases was conditioned upon a denial by the City of Oneonta to absorb such increases as part of its contract with defendant. Since the denial did not take place until May, 1977, and, further, since the contract gave defendant 25 days to pay such increase in costs, payment by defendant to plaintiff was not due until May 28, 1977 and interest should be calculated from that date. Judgment modified, on the facts, by fixing May 28, 1977 as the date for computing interest, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Staley, Jr., and Mikoll, JJ., concur; Greenblott, J., not taking part.